UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| REGINALD LEATHERWOOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case Nos. 3:10-cr-7/ 3:12-cv-218 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Pro se Petitioner Reginald Leatherwood filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 28]. Respondent filed a response in opposition to Petitioner's § 2255 motion [Doc. 30], and Petitioner submitted a reply [Doc. 32]. The Court granted Petitioner's motion to amend his motion to vacate requesting the Court consider the findings determined in *Jones v. United* States, 689 F.3d 621 (6th Cir. 2012) when ruling on his pending § 2255 motion. For the following reasons, the Court has determined an evidentiary hearing is unnecessary, *see United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993). The motion, together with the files and record in this case show that Petitioner's § 2255 motion[1] will be **DENIED** for lack of merit and Petitioner's motion for "ripe for ruling" [Doc. 35] will be **DENIED as moot**. Also, Petitioner's motion to appoint counsel [Doc. 34] will be **DENIED**.

---

[1] In accordance with Rule 4 of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Petitioner's § 2255 motion filed herein, and all the files, records, transcripts, and correspondence relating to Leatherwood's conviction in Criminal Docket No. 3:10-cr-7.

I.  Background

On January 1, 2010, Knoxville Police Department ("KPD") officers witnessed Petitioner walk onto the front porch of a home, shoot rounds of ammunition from a firearm, and walk back into the home. KPD called backup officers and surrounded the perimeter of the home [Doc. 20 p. 4]. When they knocked on the front door, Petitioner answered and immediately stepped outside [*Id.*]. KPD officers were aware that Petitioner was a previously-convicted felon [*Id.*]. Petitioner was advised of his Miranda rights [*Id.*]. Petitioner informed the KPD officers that he had been shooting a Glock .40 caliber pistol and that the firearm was in a jacket pocket in a closet in a rear bedroom of the house [*Id.*]. KPD officers found a Glock .40 caliber pistol in a brown jacket in a closet of the rear bedroom and asked Petitioner if it was the firearm he reference, in which Petitioner confirmed, "Yes, that's my gun." [*Id.*]. The firearm Petitioner possessed was manufactured outside of the State of Tennessee. Therefore, it affected interstate commerce to be found in the State of Tennessee.

On January 12, 2010, a Grand Jury filed a one-count Indictment, charging Petitioner with having previously been convicted in court of a crime punishable by a term of imprisonment exceeding one year, and knowingly possessing, in and affecting commerce, a firearm in violation of Title 18, United States Code, Section 922(g)(1) [*Id.* at 3]. On October 19, 2010, Petitioner pled guilty to Count One of the Indictment in accordance with a written Plea Agreement which enumerates the statutory penalties and special assessment fees [*Id.*]. In calculating the applicable Guidelines range, the Court classified Petitioner as an armed career criminal under 18 U.S.C. § 924(e). As an armed career criminal, Petitioner was subject to a statutory mandatory minimum of fifteen years' imprisonment, which yielded an effective Guidelines range of 180 months [Doc. 25]. On April 25, 2011, the Court sentenced Petitioner to 180 months' imprisonment [*Id.*].

2

Petitioner did not file a direct appeal to the Sixth Circuit, but instead brought this timely § 2255 motion to vacate [Doc. 28].

**II.  Standards of Review**

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence to vacate, correct, or set aside the sentence, on the grounds that:

> The sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack…

28 U.S.C. § 2255.  Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States*, 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).  It is a "well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)).

Where a constitutional error is alleged in order to obtain relief under § 2255, the record must reflect a constitutional error of such magnitude that it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).  In order to prevail on a § 2255 motion alleging a non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error

of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

Under Rule 8 of the Rules Governing Section 2255, a court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. After review of the records of this case, the Court has determined that at this point in the lawsuit there is no need for an evidentiary hearing.

**III.    Discussion**

    **A.    Controlling Law**

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987); *see also, Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id*., as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy") (internal citation omitted). The standard by which a court reviews counsel's performance is highly deferential, *Strickland*, 466 U.S. at 689, and counsel is constitutionally ineffective only if a performance below professional standards caused

4

the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; *see also Smith v. Robbin*s, 528 U.S. 259, 285-86 (2000). If a petitioner fails to prove that he sustained prejudice, the court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion). Also, when considering *Strickland*'s second prong, in the context of a guilty plea, the movant must show a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Moss v. United States*, 323 F.3d 445, 454-55 (6th Cir. 2003) (quoting *Strickland*, 466 U.S. at 694). To demonstrate a reasonable probability he would have gone to trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995) ("[A] defendant alleging ineffective assistance of counsel in the guilty plea context must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial."), *cert. denied*, 516 U.S. 1058 (1996).

While both prongs must be established in order to meet a petitioner's burden, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that

5

course should be followed." *Strickland*, 466 U.S. at 697. A petitioner alleging ineffective assistance of counsel bears a heavy burden of proof. *See Bevil v. United States*, No. 2:06-CR-52, 2010 WL 3239276, at *3 (Aug. 16, 2010) (recognizing that "burden of proving ineffective assistance of counsel is on the petitioner"); *see also Douglas v. United States*, No. 2:05-cr-07, 2009 WL 2043882 at *3 (E.D. Tenn. July 2, 2009) (stating that "[w]hen a defendant files a § 2255 motion, he must set forth facts which entitle him to relief").

**B.** **Petitioner's Claims**

**1.** **Failure to File an Appeal**

Petitioner asserts that Counsel did not file a notice of appeal. Petitioner maintains that he asked Counsel, after sentencing, to file an appeal and Counsel failed to do so, therefore violating his Sixth Amendment [Doc. 28 p. 4].

Both components of the *Strickland* test apply where the asserted attorney error is the failure to file an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In assessing the claimed error in light of the deficient-performance prong of the *Strickland* standard, the Supreme Court has instructed:

> We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

6

*Id.* Thus, an attorney who ignores his client's explicit direction to file an appeal, without more, has rendered an inferior and deficient performance. The Supreme Court then turned to the test for prejudice, observing:

> According to respondent, counsel's deficient performance deprived him of a notice of appeal and, hence, an appeal altogether. Assuming those allegations are true, counsel's deficient performance has deprived respondent of more than a fair judicial proceeding; that deficiency deprived respondent of the appellate proceeding altogether. In [certain prior cases], we held that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice because the adversary process itself has been rendered presumptively unreliable. The even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice. Put simply, we cannot accord any presumption of reliability to judicial proceedings that never took place.

*Id.* at 483 (all internal citations, quotation marks, and brackets omitted).

Thereafter, the Supreme Court held "that when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id*. at 484; *accord Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (finding counsel's failure to file a direct appeal, when specifically requested, establishes prejudice).

The Government avers that Petitioner had explicitly waived his right to appeal when he pleaded guilty. In support of its argument, the Government cites to the signed Plea Agreement that states:

> In consideration of the concessions made by the United States in this agreement and as a further demonstration of [petitioner's] acceptance of responsibility for the offense(s) committed, **[petitioner] agrees not to file a direct appeal** of [his] conviction(s) or sentence except [petitioner] retains the right to appeal a sentence imposed above the sentencing guideline range or

7

>               any applicable mandatory minimum sentence (whichever is
>               greater) determined by the district court.

[Doc. 20 p. 6]. The Government argues that here, Petitioner's sentence did not exceed the applicable mandatory minimum sentence so the appellate-waiver provision in the Plea Agreement would have barred any appeal [*Id.*]. The Government further argues that if an appeal had been filed, the United States would have filed a motion to dismiss based on the appellate-waiver provision in the Plea Agreement, and such a motion would likely have been granted. *See United States v. Sharp*, 442 F.3d 946, 949-52 (6th Cir. 2006) (dismissing an appeal where the defendant had waived the right to appeal when he pleaded guilty).

The Court finds that the "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment." *Ludwig*, 162 F.3d 459. However, a defendant's actual 'request' is still a critical element in the Sixth Amendment analysis. *Regalado v. United States,* 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where the attorney was not specifically instructed so to do). In this claim, the Court finds that Petitioner failed to meet his burden of proof in providing evidence that he specifically requested Counsel to file an appeal on his behalf. Additionally, this Court finds that Petitioner failed to establish that he sustained any prejudice from Counsel's failure to file a direct appeal because the outcome of the proceedings would not have been different based on the plea agreement waiver. Because Petitioner has not established that Counsel provided constitutionally ineffective assistance by failing to file a notice of appeal, the Court finds that this claim lacks merit.

8

## 2. Denied Opportunity to Contest to *Anders Brief*

Petitioner asserts that when Counsel "failed to file a notice of appeal, Counsel also denied [Petitioner] the opportunity to contest an *Anders Brief*, where [Petitioner] could have challenged any reason why Counsel refused to appeal [Doc. 28 p. 5].

An *Anders Brief* is a brief filed by a criminal defendant's attorney who wants to withdraw from the case on appeal, based on the belief that the appeal is frivolous. *Anders v. California*, 386 U.S. 738 (1967). According to *Anders*, the brief must raise all possible arguable issues for appeal in order to fulfill the requirement that counsel be an "active advocate" for his/her client. *Id*.

As this Court previously found, Counsel was not ineffective for failing to file a notice of appeal on behalf of Petitioner. Based on the appellate-waiver provision in the Plea Agreement which was read and signed by Petitioner, Counsel had no obligation to file an appeal. The Court cannot speculate that Counsel's reason for not filing an appeal was for any reason other than Petitioner's waiver of such action. On the other hand, even if an appeal was filed, Petitioner has failed to provide any information to show that Counsel would have filed an *Anders Brief* to withdraw from the case.

After examining the § 2255 motion and reply filed by Petitioner, the Court can locate no factual development relative to this claim. The lack of details to flesh out this claim is contrary to Rule 2 of the Governing Rules § 2255 Motions, which requires a motion to "specify all grounds for relief available to the moving party" and "state the facts supporting each ground." A petition which fails to state the supporting facts is legally insufficient on its face and may be dismissed. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Petitioner's arguments are undeveloped, conclusory and speculative statements that are unsupported by citations to the law

9

or the facts. The Court cannot evaluate a claim that consists of little more than a single conclusory sentence.

The Court finds that Petitioner failed to provide any facts to support his claim of ineffective assistance of counsel due to Counsel denying him the opportunity to contest to *Anders Brief*. Based on the lack of supporting evidence, this Court finds that Petitioner failed to state a claim upon which relief may be granted.

### 3. Career Criminal Enhancement

Petitioner asserts that Counsel was ineffective in investigating Petitioner's "state prior statute before allowing him to enter a plea of guilty" [Doc. 28 p. 25]. According to Petitioner, his prior aggravated assault conviction could not be used as predicate convictions as defined in the Armed Career Criminal Act because aggravated assault is not specifically "enumerated" in 18 U.S.C. § 924(e)(2)(B)(ii), and because *United States v. McMurry*, 653 F.3d 367 (6th Cir. 2011) held that aggravated assault under Tennessee law is not "categorically" a violent felony under 18 U.S.C. § 924(e)(2)(B)(i) [*Id*].

Prior to sentencing, U.S. Probation Services prepared a Presentence Investigation Report ("PSR"), which concluded that Petitioner had been convicted of three prior violent felonies and therefore qualified for a sentence enhancement under the ACCA, 18 United States Code, Section 924(e). According to the Plea Agreement in which Petitioner read and signed, Petitioner qualified as an armed career criminal based on the following convictions: First, on July 23, 1997, Petitioner was convicted in Knox County Criminal Court, under case number 60401B, of a class B felony, possession of cocaine exceeding 26 grams for resale, an offense he committed on February 23, 1995 [Doc. 20 p. 3]. Second, and third, on July 23, 1997, Petitioner was convicted in Knox County Criminal Court, under case number 59785, of two class C felony aggravated

10

assault offenses, both of which he committed on March 16, 1995 [*Id*]. Fourth, on May 17, 1997, Petitioner was convicted in federal court, under case number 3:97-CR-23, of distributing cocaine hydrochloride, which is a felony offense, and the offense concluding date is January 20, 1995 [*Id*].

Federal law prohibits a previously convicted felon from possessing a firearm. The punishment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is imprisonment for "not more than 10 years." 18 U.S.C. § 924(a)(2). Under the ACCA, however, there is a minimum mandatory term of imprisonment of fifteen (15) years for a person convicted of violating 18 U.S.C. § 922(g) who has three prior convictions for a violent felony or serious drug offense. *Id.* § 924(e)(1). A violent felony, under the ACCA, is defined as "any crime punishable by imprisonment for a term exceeding one year" that meets one of three requirements: "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is a burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The third option is often referred to as the "residual clause" of the ACCA. *United States v.* Bell, 2015 WL 4746360 (2015).

Petitioner claims that his prior conviction of aggravated assault was not categorically a crime of violence. To support his argument, Petitioner relies on *United States v. McMurray*, 653 F.3d 367 (6th Cir. 2011) which held that aggravated assault under Tennessee law is not categorically a violent felony under 18 U.S.C. § 924(e)(2)(B)(i). As does the Government, the Court finds that the *McMurray* case upon which Petitioner relies was decided only after Petitioner has been sentenced, and Counsel cannot be deemed ineffective for failing to accurately predict legal developments, unless those developments were "clearly foreshadowed by existing

11

decisions." *Baker v. Voorhies*, 392 F. App'x 393, 400 (6th Cir. 2010) (emphasis in original); *accord Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) [Doc. 30 p. 7]. As the Government argued, the outcome of *McMurray* was not clearly foreshadowed by prior cases [*Id*]. The Sixth Circuit had previously held that reckless aggravated assault under Tennessee law was a violent felony under the ACCA, *United States v. Matthews*, 278 F.3d 560, 563 (6th Cir. 2002), so it was not unreasonable or ineffective that Counsel concluded that Petitioner's aggravated assault conviction was likewise a qualifying violent felony [*Id*]. Accordingly, to the extent that Petitioner's claim rests upon Counsel's failure to predict or apply *McMurray* fails.

In a supplemental motion, Petitioner argues that his prior aggravated assault conviction is not an enumerated crime under the Armed Career Criminal Act ("ACCA") pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015) [Doc. 40]. Petitioner filed this supplemental motion to petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 [*Id*.] citing the new Supreme Court decision in *Johnson*.

The Court finds that Respondent should be given adequate opportunity to respond to Petitioner's supplemental motion. The Court **ORDERS** Respondent to file its response within **thirty days** of this order, if it so chooses. Thereafter, the Court reserves the right to rule on the specific issue regarding *Johnson*'s effect, if any, on Petitioner's § 2255 motion at a later time.

### C. Motion to Appoint Counsel

Petitioner filed a motion to appoint counsel requesting the Court to assign him counsel in this matter because "the doctrine of stare decisis precludes the relitigation of legal issues that have previously been heard and authoritatively determined" [Doc. 34 p. 2].

The Court finds that Petitioner's motion to appoint counsel is **DENIED** at this time, as this is not an extraordinary case and the issues are straightforward and legal, rather than complex

12

and factual. *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).

**IV. Conclusion**

The Court finds that Petitioner's motion to vacate, set aside or correct sentence **[Doc. 28]** is **DENIED**. The Court reserves the right to rule on the issues presented in Petitioner's supplemental motion **[Doc. 40]** at a later date. The Court **ORDERS** Respondent to file its response to Petitioner's supplemental motion [Doc. 40] within **thirty days** of this order, if it so chooses.

Moreover, Petitioner's motion for ripe for ruling **[Doc. 35]** is **DENIED as moot** and Petitioner's motion to appoint **[Doc. 34]** counsel is **DENIED**.

**SO ORDERED.**

ENTER:

_____
**UNITED STATES DISTRICT JUDGE**