# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| **REGINALD LEATHERWOOD,** | ) | |
| | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | Case Nos.  3:10-CR-7 |
| | ) |                          3:12-CV-218 |
| **UNITED STATES OF AMERICA,** | ) |                          3:17-CV-277 |
| | ) | |
| *Respondent.* | ) | |

## MEMORANDUM AND ORDER

Before the court are several *pro se* motions filed by defendant-petitioner Reginald Leatherwood. First, Mr. Leatherwood has moved to alter or amend this Court's order in Case Number 3:12-CV-218 denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D. 44].[1] Second, Mr. Leatherwood has filed two motions for credit for jail time while in state custody. [D. 54, 55]. Lastly, Mr. Leatherwood has filed another motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D. 53], separately docketed in Case Number 3:17-CV-277, raising a new legal argument. All are ripe for adjudication. As follows, Mr. Leatherwood's motion to amend the judgment [D. 44] in Case Number 3:12-CV-218 will be granted in part and the case reopened. The motions for jail credit [D. 54, 55] will be denied. Mr. Leatherwood's latest § 2255 motion will be re-construed as a motion to amend his original § 2255 motion and will be denied.

---

[1] All citations to the record are contained within the criminal docket, case number 3:10-CR-7.

1

## I. Background[2]

On January 1, 2010, Knoxville Police Department ("KPD") officers witnessed Mr. Leatherwood walk out onto the front porch of a home, shoot rounds of ammunition from a firearm, and walk back into the home. [D. 20]. Mr. Leatherwood, who was a convicted felon, was subsequently arrested after informing the officers that he owned the gun he had fired. [*Id.*].

On January 12, 2010, a Grand Jury filed a one-count Indictment, charging Mr. Leatherwood with feloniously possessing a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). [D. 4]. On October 19, 2010, Petitioner pled guilty to the single-count indictment pursuant to a plea agreement before the Honorable Thomas W. Phillips, United States District Judge. [D. 19, 20]. As an armed career criminal under § 924(e), Mr. Leatherwood faced a statutory mandatory minimum sentence of 180 months' imprisonment. *See* 18 U.S.C. § 924(e). On April 25, 2011, Judge Phillips sentenced Petitioner to 180 months' imprisonment—the statutory mandatory minimum sentence. [D. 25]. Mr. Leatherwood did not file a direct appeal.

However, Mr. Leatherwood did file a timely *pro se* motion to vacate his sentence pursuant to 18 U.S.C. § 2255. [D. 28]. Following motion practice, the case became ripe and was ultimately transferred to the undersigned for disposition on July 18, 2014. [D. 29–38]. Following further efforts by Mr. Leatherwood to amend his § 2255 motion, the Court denied Mr. Leatherwood's § 2255 motion on all grounds listed in his original petition on

---

[2] A more detailed background of the criminal case may be found in the Court's previous order. [D. 43]; *see Leatherwood v. United States*, No. 3:10-CR-7, 2015 WL 5714531, at *1 (E.D. Tenn. Sept. 29, 2015).

September 29, 2015. [D. 43]. The Court also reserved the right to rule on Mr. Leatherwood's motion to amend his § 2255 motion to add an additional argument and ordered further briefing on that matter. [*Id.*]. That motion was also denied. [D. 52].

On October 19, 2015, Mr. Leatherwood timely filed a motion to alter or amend the Court's judgment denying his § 2255 motion pursuant to Federal Rule of Civil Procedure 59(e), challenging two of the legal conclusions in the Court's decision. [D. 44]. While motion practice continued regarding Mr. Leatherwood's motion to amend his § 2255 motion, the government never responded to Mr. Leatherwood's motion to alter or amend the Court's judgment. Due to an unfortunate administrative oversight, neither did this Court. However, the motion is now before the Court.

On July 8, 2019, Mr. Leatherwood filed a motion for jail credit for time spent in state custody. [D. 54]. On September 30, 2019, Mr. Leatherwood again requested credit for time served in state custody. [D. 55]. These motions are also before the Court.

On June 23, 2017, Mr. Leatherwood filed another § 2255 motion [D. 53], this time attacking a different predicate offense under the Armed Career Criminal Act in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). The government has not responded. This is the final motion before the Court.

**II. Analysis**

The Court will first address Mr. Leatherwood's motion to amend the Court's judgment in case number 3:12-CV-218. Second, the Court will turn to his requests for jail credit. Lastly, the Court will review Mr. Leatherwood's latest § 2255 motion.

### A. Motion to Alter or Amend

Mr. Leatherwood has asked the Court to reconsider its denial of his § 2255 motion in Case Number 3:12-CV-218 and amend or alter its judgment.

#### 1. Standard

Federal Rule of Civil Procedure 59(e) permits the filing of a motion to alter or amend a judgment within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e). A court may grant a motion to alter or amend a judgment only if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Am. Civil Liberties Union of Ky v. McCreary Cty, Ky.,* 607 F.3d 439, 450 (6th Cir. 2010). But the Sixth Circuit has repeatedly held that Rule 59(e) does not permit the parties to re-argue a case. *Schellenberg v. Twp. Of Bingham,* 436 F. App'x 587, 598 (6th Cir. 2011).

"The filing of a Rule 59(e) motion within the 28-day period 'suspends the finality of the original judgment.'" *Banister v. Davis*, 590 U.S. \_\_\_\_, 2020 WL 2814300, at *3 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U. S. 364, 373, n. 10 (1984)). Only the disposition of that motion 'restores th[e] finality' of the original judgment." *Id.* (quoting *League of Women Voters*, 468 U. S. at 373 n. 10).

#### 2. Application

Here, due to the irresolution of Mr. Leatherwood's timely Rule 59(e) motion, the denial of his first § 2255 motion has remained in procedural purgatory, which requires finality. First, Mr. Leatherwood challenges the Court's conclusion that counsel was not

4

unconstitutionally ineffective by failing to adequately investigate and challenge Mr. Leatherwood's prior qualifying convictions under the Armed Career Criminal Act. Mr. Leatherwood again relies on *United States v. McMurray*, a case decided after Mr. Leatherwood's sentence was imposed. 653 F.3d 367, 377 (6th Cir. 2011). In its decision, the Court concluded that counsel could not be faulted for not anticipating the legal developments in *McMurray* because those developments were not "clearly foreshadowed by existing decisions." *Baker v. Voorhies*, 392 F. App'x 393, 400 (6th Cir. 2010) (emphasis in original); *accord Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986).

However, Mr. Leatherwood made these same arguments in his reply to the government's response, and the Court considered and rejected those arguments. *See U.S. ex rel. Am. Textile Mfrs. Inst. Inc. v. Limited, Inc.,* 179 F.R.D. 541 n. 9 (S.D. Ohio 1998) (articulating that a movant's proper recourse for revisiting his arguments is an appeal to the circuit court). Further, and perhaps more importantly, *McMurray* has been subsequently overruled, undermining Mr. Leatherwood's substantive argument. *United States v. Verwiebe,* 874 F.3d 258, 261 (6th Cir. 2018) (citing *Voisine v. United States*, 136 S. Ct. 2272 (2016)); *see also Dillard v. United States*, 768 F. App'x 480, 486 (6th Cir. 2019) (outlining the timeline of jurisprudence overruling *McMurray*).[3]

Second, Mr. Leatherwood challenges the Court's conclusion that counsel was not unconstitutionally ineffective because he failed to perfect a direct appeal and argues that

---

[3] Mr. Leatherwood also pointed to *Johnson v. United States*, 135 S. Ct. 2551 (2015) as a basis for amending the Court's decision, but the "judgment" Mr. Leatherwood moved to amend reserved its decision on Mr. Leatherwood's motion to amend his § 2255 motion to add a *Johnson* argument for a later date, after the present motion was filed. After further briefing, the Court subsequently denied the motion to amend as well. [D. 52].

5

an evidentiary hearing is necessary. In its decision, the Court articulated that the "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment," [D. 43, p. 7 (citing *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998))]. However, "a defendant's actual 'request' is still a critical element in the Sixth Amendment analysis." [*Id.* (citing *Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003))]. The Court concluded that Mr. Leatherwood failed to meet his burden of proof regarding a specific request that counsel file an appeal on his behalf. The Court further concluded that Mr. Leatherwood was not prejudiced by the failure, because "the outcome of the proceedings would not have been different based on the plea agreement waiver." [*Id.*]

The Court must admit that it made a clear error of law. First, as to prejudice, the Court improperly concluded that Mr. Leatherwood could not have been prejudiced by a failure to file a notice of appeal. To be sure, Mr. Leatherwood agreed "not to file a direct appeal of [his] conviction(s) or sentence" with the exception of the "right to appeal a sentence imposed above the sentencing guideline range or any applicable mandatory minimum sentence (whichever is greater) determined by the district court." [D. 20, p. 6, ¶ 10(a)]. Because Mr. Leatherwood was sentenced to 180 months—the statutory mandatory minimum sentence that fell above his guideline range—this appeal waiver was as broad as an appeal waiver could be in these circumstances. Moreover, the government made clear in its briefing that, had Mr. Leatherwood's counsel filed an appeal, "the United States would have filed a motion to dismiss based on the appellate-waiver provision in the plea

6

agreement, and such a motion would likely have been granted." [D. 30, p. 8 (citing *United States v. Sharp*, 442 F.3d 946, 949-52 (6th Cir. 2006)]. In short, it is largely inescapable that any appeal filed by Mr. Leatherwood would have been futile.

Nevertheless, the Supreme Court has articulated that, when a defendant instructs his attorney to file an appeal and the attorney fails to do so, prejudice must be presumed. *Garza v. Idaho*, 139 S. Ct. 738, 749–50 (2019) (citing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)). This presumption cannot be overcome by the likely inevitability of the outcome in this case because "even the broadest appeal waiver does not deprive a defendant of all appellate claims." *Id.* If Mr. Leatherwood did request an appeal and his attorney never filed one, he lost "entire [appellate] proceeding itself, which [he] wanted at the time and to which he had a right." *Id* at 748 (citing *Flores-Ortega*, 528 U.S. at 483). While a criminal defendant may waive 'any right, even a constitutional right,' by means of a plea agreement," *Davila v. United States*, 258 F.3d 448, 450–51 (6th Cir. 2001), and Mr. Leatherwood's plea agreement asserts a waiver of that appeal right, the Court is bound by Supreme Court precedent,[4] however illogical the circumstances. *See Garza*, 139 S. Ct. at 747 ("[W]e reaffirm that, 'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal,' with no need for a 'further showing' of his claims' merit, . . . regardless of whether the defendant has signed

---

[4] While *Garza* postdates the Court's conclusions regarding Mr. Leatherwood's original § 2255 motion, the Supreme Court has characterized the *Garza* holding as a reaffirmation of the holding in *Flores-Ortega*, which predated the Court's original conclusions. *See Garza v. Idaho*, 139 S. Ct. 738, 747 (2019).

an appeal waiver." (quoting *Flores-Ortega*, 528 U.S. at 484)); *see also id.* at 750 (Thomas, J., dissenting) (lamenting that *Garza's* "holding that an attorney's performance is *per se* deficient and *per se* prejudicial any time the attorney declines a criminal defendant's request to appeal an issue that the defendant has waived . . . results in a 'defendant-always-wins' rule"). Consequently, the Court was incorrect in its conclusion that Mr. Leatherwood failed to *demonstrate* prejudice, as Mr. Leatherwood's claim carried a presumption of prejudice.

This brings us to the Court's other conclusion—Mr. Leatherwood failed to prove that he requested an appeal. Mr. Leatherwood's § 2255 motion repeatedly asserts that he "requested" that his attorney file a notice of appeal. [D. 28, p. 4]. However, the Court did not conduct an evidentiary hearing on this factual assertion. In this context, a court should hold an evidentiary hearing on disputed facts "unless the motion can be 'conclusively determined either by the motion itself or by the files and records in the trial court." *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (quoting *Machibroda v. United States*, 368 U.S. 487, 494 (1962)). However, a defendant's request that his attorney appeal his sentence are usually "purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light." *Machibroda*, 368 U.S. at 494–95. Consequently, the Court's conclusion regarding this particular claim was premature, and Mr. Leatherwood is entitled to an evidentiary hearing on the factual question of whether he requested a direct appeal.

8

### 3. Conclusion

While the Court properly denied Mr. Leatherwood's claim that counsel was ineffective by failing to adequately challenge his predicate offenses as an armed career criminal, the Court did err by prematurely denying his claim that counsel was unconstitutionally ineffective by failing to file a direct appeal, despite a direct request. Consequently, the Court concludes that an evidentiary hearing is needed to determine whether Mr. Leatherwood specifically asked his attorney to file a notice of appeal.

### B. Motions for Jail Credit

Mr. Leatherwood has also requested credit for time spent in state custody. [D. 54, 55]. Credit for time served is governed by 18 U.S.C. § 3585(b). Credit is given for any time spent in official detention when an inmate is detained pursuant to a detention order which conforms to 18 U.S.C. § 3142(i)(2); however, the power to grant credit for time served lies solely with the Attorney General of the United States and the Bureau of Prisons. 18 U.S.C. § 3585(b); *see also United States v. Brown*, 417 F. App'x 488, 493 (6th Cir. 2011) ("awarding credit for time served is the exclusive responsibility of the Bureau of Prisons").

Consequently, even if Mr. Leatherwood should receive credit for an additional nine months spent in state custody on writ, this Court does not have the power to intervene. Mr. Leatherwood must pursue any administrative remedies that are available to him through the Bureau of Prisons.

### C. Motion to Vacate, Set Aside, or Correct Sentence

Mr. Leatherwood has also filed another § 2255 motion, arguing that, under *Mathis v. United States*, 136 S. Ct. 2243 (2016), one of his predicate offenses under Tenn. Code Ann. § 39-17-417 no longer qualifies as a serious drug offense. [D. 53].

At the outset, the Court notes that Mr. Leatherwood filed a previous § 2255 motion in this Court regarding the same criminal case. [D. 28; No. 3:12-CV-218, D. 1]. That motion, along with its subsequent amendments, was denied on the merits, which would typically make this motion a second or successive collateral attack. [D. 43, 52]. A second or successive collateral attack under 28 U.S.C. § 2255 may only be pursued if the circuit court authorizes a district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *see also In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017); *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997).

However, the Court has reopened Mr. Leatherwood's first § 2255 motion herein due to his unresolved, yet timely-filed motion to alter the Court's previous judgment. [D. 44]. Because the adjudication of the initial § 2255 motion is incomplete, Mr. Leatherwood's second § 2255 motion cannot be construed as "second or successive" under 28 U.S.C. § 2255(h). *See Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) ("A motion . . . is not a second or successive § 2255 motion when it is filed before the adjudication of the initial § 2255 motion is complete"). Rather, the Court "should construe the second § 2255 motion as a motion to amend the pending § 2255." *Id.* at 659 (quoting *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002)).

10

Consequently, due to the unusual procedural circumstances, the Court construes Mr. Leatherwood's most recent § 2255 motion to be a motion to amend his initial § 2255 motion.[5]  However, that motion will be denied because Mr. Leatherwood waived the argument and the argument is meritless.

### 1. Waiver

First, Mr. Leatherwood's new claim is barred by the waiver provision in his plea agreement.  A defendant may waive "any right, even a constitutional right," by means of a plea agreement. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).  The waiver can include "constitutional or statutory rights then in existence as well as those that courts may recognize in the future." *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005).  To be valid, the waiver simply must have been entered into knowingly and voluntarily. *Davila*, 258 F.3d at 451.

Here, Mr. Leatherwood executed a plea agreement in which he "knowingly and voluntarily" waived "the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] conviction(s) and/or resulting sentence." [D. 20, p. 6, § 10(b)].  The only exception to this waiver was for "claims of ineffective assistance of counsel or prosecutorial misconduct not known to [him] by the time of the entry of judgment." [*Id.*].  Mr. Leatherwood does not argue that he entered the plea agreement

---

[5] There is an obvious question of timeliness that arises, given that Mr. Leatherwood's latest § 2255 motion came over five years after the filing of his first § 2255 motion and six years after the entry of judgment. *See* 28 U.S.C. § 2255(f). Moreover, *Mathis*, the case that forms the foundation of the argument, did not announce a new rule of law to make the motion timely under § 2255(f)(3). *See In re Conzelmann*, 872 F.3d 375, 377 (6th Cir. 2017).  Nevertheless, given the unusual circumstances and the arguable relation back of the claim to Mr. Leatherwood's original § 2255 motion under Federal Rule of Civil Procedure 15(c), the Court will not deny the motion as untimely.  *Houston v. United States*, No. 113-CR-102-1, 2018 WL 3212021, at *4 (E.D. Tenn. June 29, 2018).

11

unknowingly or involuntarily. Likewise, his *Mathis* claim does not arise from either ineffective assistance of counsel or prosecutorial misconduct. Even presuming that Mr. Leatherwood's claim had merit due to a subsequent change in the law, a "plea agreement allocates risk, and the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." *Slusser v. United States*, 895 F.3d 437, 440 (6th Cir. 2018) (citations and quotation marks omitted). Even when "developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *Bradley*, 400 F.3d at 463; *see also United States v. Cortez-Arias*, 425 F.3d 547, 548 (9th Cir. 2005) (a "favorable change in the law does not entitle a defendant to renege on a knowing and voluntary guilty plea"). Mr. Leatherwood's "lack of clairvoyance cannot undo his decision to waive the right to attack his sentence collaterally." *In re Garner*, 664 F. App'x 441, 443 (6th Cir. 2016); *see also Slusser*, 895 F.3d at 440 ("By waiving [a] right . . . , a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse"); *Bradley*, 400 F.3d at 463 ("A valid plea agreement [only] requires knowledge of existing rights, not clairvoyance.").

Consequently, the Court will not permit Mr. Leatherwood to amend his initial § 2255 motion to add his *Mathis* claim because the claim was waived.

### 2. Merits

Even if the claim was not waived, Mr. Leatherwood's *Mathis* claim does not hold water on its merits. Mr. Leatherwood contends that, under *Mathis*, the Tennessee offense

12

of "possession of cocaine for resale" set out in Tenn. Code Ann. § 39-17-417 is broader than the federal definition in § 4B1.2 of the United States Sentencing Guidelines ("USSG"). [D. 53]. This argument fails for two reasons.

First, Mr. Leatherwood's argument attacks his conviction as a predicate to the "Career Offender" enhancement in USSG §§ 4B1.1 and 4B1.2, but his 180-month statutory mandatory minimum sentence arose because he was an armed career criminal under 18 U.S.C. § 924(e), as applied through USSG § 4B1.4. [PSR ¶¶ 68–69; D. 43; D. 20, p. 3, § 4]. Consequently, Mr. Leatherwood's legal argument is wholly inapplicable to his case.

Second, even if Mr. Leatherwood had attacked his armed career criminal status, that argument would still be without merit. Under 18 U.S.C. § 924(e), if a defendant has "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). A "serious drug offense" is defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C. § 924(e)(2)(A)(ii). Mr. Leatherwood's conviction at issue—possession of cocaine for resale—falls under Tenn. Code Ann. § 39-17-417(a)(4),[6] which provides that "[i]t is an offense to . . . [p]ossess a controlled substance with intent to manufacture, deliver or sell the controlled substance." Tenn. Code Ann. § 39-17-417(a)(4). Transposing Mr. Leatherwood's argument into the

---

[6] Because Tenn. Code Ann. § 39-17-417(a) is a "divisible statute," the Court addresses only the law surrounding the elements at issue in the case at hand under the modified categorical approach. *See United States v. Goldston*, 906 F.3d 390, 394 (6th Cir. 2018) (citing *Descamps v. United States*, 570 U.S. 254, 257 (2013)); *see also Bright v. United States*, No. 3:16-CV-03267, 2019 WL 4963228, at *4 (M.D. Tenn. Oct. 7, 2019) ("Tenn. Code Ann. § 39-17-417(a), criminalizes four separate offenses").

13

context of the ACCA, he argues that the Tennessee statute is broader than the federal definition of serious drug offense because it includes the "resale" of a controlled substance while § 924(e)(2)(A)(ii) does not.

This is a distinction without a difference. *See Shular v. United States*, 140 S. Ct. 779, 787 (2020). Serious drug offenses under the ACCA include "possessing with intent to . . . distribute a controlled substance." The ACCA defines "distribute" to mean "to deliver" a controlled substance and, in turn, further defines "deliver" to mean the "actual, constructive or attempted transfer of a controlled substance." 21 U.S.C. §§ 802(8), (11). If selling a controlled substance and possessing with the intent to sell a controlled substance both fall within the ACCA definitions of "deliver" and "distribute," then re-selling and possessing with the intent to re-sell do as well. *See Houston v. United States*, No. 113CR102CLCSKL1, 2018 WL 3212021, at *10 (E.D. Tenn. June 29, 2018); *see also Buford v. United States*, No. 1:16-CV-371-HSM, 2019 WL 2062504, at *2 (E.D. Tenn. May 9, 2019); *cf. United States v. Little*, No. 19-5064, 2019 U.S. App. LEXIS 31222, at *9 (6th Cir. Oct. 18, 2019) ("[u]nlawful possession of a controlled substance with intent to sell, i.e., distribute, fits squarely within the guideline definition of a controlled substance offense."); *United States v. Alexander*, 686 F. App'x 326, 327–28 (6th Cir. 2017). Consequently, even if Mr. Leatherwood had properly attacked his armed career criminal status, the outcome would have been the same.

14

### 3. Conclusion

In sum, Mr. Leatherwood's latest § 2255, which the Court construes as a motion to amend his previous § 2255 motion, brings a claim under *Mathis* that is both waived and meritless. Consequently, Mr. Leatherwood's construed motion to amend his § 2255 motion to add a *Mathis* argument is denied.

### III. Conclusion

In light of the foregoing, Mr. Leatherwood's motion to amend or alter the Court's judgment [D. 44] is **GRANTED in part.** Case number 3:12-CV-218 is **REOPENED** pending resolution of the sole remaining claim—whether counsel was ineffective by failing to file a direct appeal. A ruling on this claim is held in abeyance pending an evidentiary hearing on the matter. It is hereby **ORDERED** that, pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings, Mr. Leatherwood shall be appointed counsel to represent him in this matter. Appointment of counsel is **REFERRED** to the Honorable Debra C. Poplin, United States Magistrate Judge, to **APPOINT** counsel to represent Mr. Leatherwood as stated herein.

The Court lacks jurisdiction to award or adjust any credit Mr. Leatherwood receives for time spent in state custody. Consequently, Mr. Leatherwood's motions for jail credit [D. 54, 55] are **DENIED**.

Lastly, Mr. Leatherwood's latest § 2255 motion [D. 53], docketed in Case Number 3:17-CV-277, is construed as a motion to amend his original § 2255 motion in Case

Number 3:12-CV-218, and is **DENIED**. The Clerk is **DIRECTED** to **CLOSE** the civil case associated with Petitioner's latest § 2255 motion at No. 3:17-CV-277.

    **IT IS SO ORDERED**.

*/s/ Pamela L. Reeves*
PAMELA L. REEVES
CHIEF UNITED STATES DISTRICT JUDGE